UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RODERICK WHITE (#723682)                                  CIVIL ACTION

VERSUS                                                    22-385-SDD-RLB

TIM HOOPER, ET AL.

## RULING

This matter comes before the Court on the petitioner's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(6) (R. Doc. 23), wherein the petitioner requests that the Court reconsider its Ruling (R. Doc. 23) denying him permission to proceed *in forma pauperis* on appeal. This Motion shall be denied.

### Rule 60(b)

Federal Rule of Civil Procedure 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief.

### Procedural History

On September 10, 2024, the Magistrate Judge issued a Report and Recommendation recommending that the petitioner's application for writ of habeas corpus be denied with prejudice. *See* R. Doc. 13. The petitioner filed an Objection (R. Doc. 14) which was considered by the Court prior to issuing its Ruling and Order on

September 26, 2024, adopting the Magistrate Judge's Report and Recommendation. *See* R. Docs. 15 and 16.

On October 2, 2024, the petitioner filed a Notice of Appeal. *See* R. doc. 18. The appellate court informed the petitioner that he must pay the appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP") by November 5, 2024. The petitioner failed to do so and on November 12, 2024, the petitioner's appeal was dismissed for failure to pay the fee. The petitioner then moved to re-open his appeal which relief was denied by the appellate court on December 10, 2024. The appellate court further informed the plaintiff that it would only process a subsequent motion to reinstate upon proof that the petitioner had paid the docketing fee or moved to proceed IFP in this Court. *See White v. Hooper*, 24-30631 (5th Cir.).

Petitioner then filed a Motion to Proceed *in Forma Pauperis* (R. Doc. 21), which was denied by this Court on January 21, 2025. *See* R. Docs. 21 and 22. On March 12, 2025, the appellate court denied the petitioner's motion to reinstate. The petitioner then filed a Request to Proceed IFP alleging that this Court erred in denying him pauper status on appeal and that there is no filing fee for a habeas proceeding. This motion was denied by the appellate court on April 7, 2025. *See White v. Hooper*, 24-30631 (5th Cir.).

On May 27, 2025, the petitioner filed the instant motion alleging that this Court erred in denying his motion to proceed IFP on appeal asserting that the motion was filed at the instruction of the appellate court. Petitioner requests that the Court rescind its Ruling and allow him to proceed IFP in the appellate court. *See* R. Doc. 23.

**No Grounds for Relief**

Although the appellate court informed the petitioner that it would *process* a motion to reinstate only upon proof that the petitioner had paid the docketing fee or moved to proceed as a pauper in this Court, this Court was not obligated to grant the petitioner's Motion (R. Doc. 21) nor was the appellate court obligated to reinstate the petitioner's appeal. The Court's reasons for denying the Motion (R. Doc. 21) remain valid. *See* R. Doc. 22. The petitioner has not obtained a certificate of appealability as such he cannot appeal, IFP or otherwise.

Further, though the petitioner is correct that the payment installment requirements of the PLRA are not applicable to habeas proceedings the petitioner must still obtain permission to appeal IFP. If a petitioner is granted leave to proceed in forma pauperis on appeal, he may appeal without paying appellate fees and costs. However, the petitioner must still qualify to proceed IFP. Petitioner here cannot proceed on appeal at all, much less IFP, without first obtaining a certificate of appealability as explained in this Court's Ruling (R. Doc. 22).

Additionally, the petitioner appears to be under the mistaken assumption that he would be allowed to proceed on appeal if his IFP motion is now granted by this Court. The appellate court, with full access to the record herein, has declined to reinstate the petitioner's appeal three times. This Court cannot force the appellate court to reinstate the petitioner's appeal, and granting the plaintiff permission to proceed IFP on appeal would not give him the result he desires.

As such, the petitioner has not shown any grounds that would entitle him to relief pursuant to Rule 60(b). Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's Motion (R. Doc. 23) is **DENIED.**

Baton Rouge, Louisiana, this 24th day of September, 2025.

_____
**SHELLY D. DICK, CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**